UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BRIGGS, | CASE NO. 1:09-cv-01112-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF. No. 1.) |
| WARDEN JAMES HARTLEY, et al., | FIRST AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Larry Briggs ("Plaintiff"), a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 24, 2009 (ECF. No. 1.), and consented to Magistrate Judge jurisdiction on July 2, 2009. Plaintiff's Complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's Complaint fails to

state a claim upon which relief may be granted.

## II. **SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. **SUMMARY OF COMPLAINT**

Plaintiff, who is currently incarcerated at the Avenal State Prison in Avenal, California, brings this action alleging violation of his right to freely exercise his religion

under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), violation of his right to due process, and violation of his right to be free from unreasonable searches under the Fourth and Eighth Amendments. The events complained of occurred between April 29, 2009 and May 29, 2009. Plaintiff names the following individuals as Defendants: James Hartley, Warden of Avenal State Prison; T.E. Smith, Lieutenant at Avenal State Prison; CO. Reiffsnider Isu, Lieutenant; Doe #1, a member of the committee that saw Plaintiff on May 29, 2009; L.S. McEwen, Associate Warden; R. Nooh, Associate Warden; M. Escobar, CC III Recorder; A. Lloren, Facility Captain; A. Venetis-Colon, M.H. Clinician; and D. White, CC II Specialist.

Plaintiff alleges as follows: On April 29, 2009, Plaintiff was confronted by two CDCR officers in the prison yard, escorted to the gym, strip searched, and placed in wrist restraints. He was then taken to administrative segregation, strip searched again, given a copy of a 114-D order, and informed of the allegations being made against him. Plaintiff was held in administrative segregation from April 29 until May 29 when he was brought before the inmate disciplinary committee for a hearing. Plaintiff claims that he is being persecuted because of his religion, that his food items and packages have been damaged, and that his religious materials have been confiscated. He further claims that he fears the CDCR staff will retaliate against him for pursuing his constitutional rights. Plaintiff requests monetary compensation, a reprimand of all defendants involved, and a "change in CDCR's detention policies for Muslims and false allegations."

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or

3

>causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Each of Plainitff's claims will be addressed in turn below.

**A.     Religion-Related Claims**

Plaintiff claims he is not being allowed to practice his religion.

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-85.

RLUIPA provides:

>No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–

4

> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

See Pub.L.No. 106-274, 114 Stat. 803 (2000) (codified at 42 U.S.C. § 2000cc-1). Plaintiff bears the initial burden of demonstrating that Defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). A "substantial burden" is one that is "oppressive to a significantly great extent." Id. at 995 (internal quotations omitted). It "must impose a significantly great restriction or onus upon [religious] exercise." Id. (quotations omitted). A substantial burden includes situations "'where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his belief." Id.

If a plaintiff meets this burden, the defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff has not alleged facts showing that Defendants substantially burdened the exercise of his religion. He merely alleges, broadly, that he has been inhibited in some unspecified way in the practice of his religion. The Court will grant Plaintiff leave to amend this claim and attempt to plead sufficient facts to state such a claim in accordance with the legal standards and guidelines set forth herein.

Plaintiff also claims that he is being persecuted for his religious beliefs, which the Court construes as a claim of deprivation of equal protection. "The Equal Protection

Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" Shakur, 514 F.3d at 891 (quoting Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam)).  To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups.  Cruz, 405 U.S. at 321-22; Shakur, 514 F.3d at 891; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part on other grounds by Shakur, 514 F.3d at 884-85.

Plaintiff has not alleged any facts suggesting that he is being intentionally discriminated against on the basis of his religion or that he is being deprived of a reasonable opportunity to pursue his faith.  He does not allege that he is being treated differently than other similarly situated prisoners who practice a different religion.  As such, Plaintiff has failed to state a claim for relief for violation of his right to equal protection.  He will be given leave to amend this claim and attempt to set forth sufficient facts to state a claim for such a violation.

**B.    Due Process Claims**

Plaintiff claims that his rights of due process were violated by his placement in administrative segregation and by the damaging, confiscating and depriving him of the use of his property.

1. <u>Administrative Segregation</u>

   a. <u>Substantive Due Process</u>

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." <u>Patel v. Penman</u>, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), overruled in part on other grounds as recognized by <u>Nitco Holding Corp. v. Boujikian</u>, 491 F.3d 1086 (9th Cir. 2007); <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 842 (1998).  In resolving a Fourteenth Amendment substantive due process claim, the Court must balance "'several factors focusing on the reasonableness of the officers' actions given the circumstances.'"  <u>White v. Roper</u>, 901 F.2d 1501, 1507 (9th Cir. 1990) (quoting <u>Smith v. City of Fontana</u>, 818 F.2d 1411, 1417 (9th Cir. 1987), overruled on other grounds by <u>Hodgers-Durgin v. de la Vina</u>, 199 F.3d 1037 (9th Cir. 1999).

Plaintiff has simply alleged that he was segregated and his property taken.  He has not however alleged facts that might suggest these actions were improperly motivated and unjustified, much less that they were arbitrary and unreasonable.  Without such facts (not just allegations), Plaintiff has failed to demonstrate a violation of the substantive component of the Due Process Clause.

   b. Procedural Due Process

The Due Process Clause protects prisoners from being deprived of liberty without

due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for a due process deprivation, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

The Due Process Clause alone creates no liberty interest in remaining in the general prison population. Hewitt v. Helms, 459 U.S. 460, 468 (1983) (overruled on other grounds). Prisoners may be housed in administrative segregation to protect them from other inmates, to protect other inmates from the segregated prisoner, or pending investigation of disciplinary charges, transfer, or re-classification. Id. The allegation that a plaintiff was placed in administrative segregation does not in and of itself state a claim for relief based on deprivation of due process. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). The Ninth Circuit has explicitly found that "administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence." Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986), abrogated on other grounds by Sandin, 515 U.S. 472.

Plaintiff alleges that since his time in administrative segregation, he has been unable to eat or sleep and that he fears being returned to administrative segregation. He fails,

however, to establish the existence of a liberty interest that was violated during his time in administrative segregation. The mere placement in administrative segregation does not state a cognizable claim for violation of Plaintiff's right to procedural due process. The Court will give Plaintiff leave to amend his complaint so that if there are true facts which might support a claim that his segregated placement failed to comply with due proecess protections, he may so plead them.

        2.      <u>Property</u>

Plaintiff alleges deprivation, confiscation, and damage to his property as a violation of his due process rights. The Due Process Clause protects prisoners from being deprived of property without due process of law, <u>Wolff</u>, 418 U.S. at 556, and prisoners have a protected interest in their personal property, <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, <u>Hudson v. Palmer</u>, 468 U.S. 517, 532 n.13 (1984) (citing <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 435-36 (1982)); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," <u>Hudson</u>, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. <u>See</u> Cal. Gov't Code §§ 895; <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the

9

cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 123 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 90 P.3d at 123; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff claims that his religious materials were confiscated and that food items and packages were damaged. He does not however state what was taken, why it was taken, for how long it was taken, or what damage was caused by the taking. He also fails to offer proof that he complied with the California Tort Claims Act. Without such allegations, Plaintiff fails to allege facts sufficient to find a violation of his due process rights. He will be given leave to amend his complaint here as well.

**C.    Search Claims**

Plaintiff claims that both his person and his prison cell were unreasonably searched in violation of his rights under the Fourth and Eighth Amendments.

1.    Fourth Amendment Claim

The Fourth Amendment protects prisoners from unreasonable searches, including the invasion of bodily privacy. Bull v. City and County of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Michenfelder v. Sumner, 860 F.2d 328, 332-33 (9th Cir. 1988). The Fourth Amendment prohibits unreasonable searches, and reasonableness is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights that search entails. Bell v. Wolfish, 441 U.S. 520, 558-59

(1979) (quotations omitted); Bull, 595 F.3d at 971-72; Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332. The scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted must be considered. Bell, 441 U.S. at 559 (quotations omitted); Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

In evaluating whether a prison's policy or practice is reasonable under the Fourth Amendment, courts must also look to the test articulated in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Under Turner as applied to Fourth Amendment body search claim, any infringement on a prisoner's Fourth Amendment rights must be reasonably related to legitimate penological interests; this requires consideration of: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) the impact the accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (3) the absence of ready alternatives. Bull, 595 F.3d at 973; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 331.

The Court is mindful that it is evaluating Plaintiff's Fourth Amendment claim at the pleading stage. Nevertheless, Plaintiff's allegations must be sufficient to state a facially plausible Fourth Amendment claim, with any alleged infringement being "evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bull, 595 F.3d at 972 (quoting Bell, 441 U.S. at 547). "[T]he problems that arise in the day-to-day operation of a correctional facility are not susceptible of easy solutions," and prison officials must be accorded "'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and

11

discipline and to maintain institutional security.'" Id. An inmate has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures." Hudson v. Palmer, 468 U.S. at 536.

Plaintiff states that he was strip searched twice and that his prison cell was searched, but provides no context in which the searches were conducted, i.e., no information as to the scope of the intrusions, the manner in which each was conducted, the place in which each was conducted, or the justification for initiating them. As such, Plaintiff fails to allege sufficient facts to sustain a claim of the violation of his Fourth Amendment rights. The Court will grant Plaintiff leave to amend and attempt to plead sufficient facts to state such a claim.

### 2.     Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim, the factual allegations must support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

As stated above, Plaintiff states that he was strip searched twice and that his prison cell was searched. Such allegations do not in and of themselves describe extreme

12

deprivation or that officials knew and disregarded some substantial risk of harm to Plaintiff sufficient to sustain a claim for a violation of his Eighth Amendment rights. Here too the Court will grant Plaintiff leave to amend his claim and attempt to plead sufficient facts to state such a claim.

D.   **Retaliation**

Plaintiff states that he is in fear of being returned to administrative segregation as retaliation for pursuing his constitutional rights.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges no more than that he fears retaliation. That is insufficient. It does not satisfy any of the five elements necessary to sustain such a claim. The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient facts to state such a claim.

E.   **Personal Participation By Defendants**

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129

13

S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In this action, Plaintiff has not alleged facts demonstrating that any named Defendant personally acted to violate his rights. Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order.

### F.     Doe Defendant

Plaintiff names as a defendant Doe #1 and describes him as "a member of the committee the [sic] saw me on May 29th 2009." "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that Doe #1 defendant cannot be served by the United States Marshal until Plaintiff has identified him as an actual individual and amended his complaint to substitute a name for Doe #1. On amendment Plaintiff may attempt to set forth sufficient identification.

### V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any claims upon which relief may be granted under section 1983 against any of the defendants. Having notified Plaintiff of the deficiencies in his Complaint, the Court will provide Plaintiff with time to file an amended complaint to address these deficiencies. See Noll v. Carlson, 809 F.2d 1446,

1448-49 (9th Cir. 1987).

In his amended complaint, Plaintiff must demonstrate how the conditions complained of resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend his complaint, it is not for the purpose of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating only to issues arising out of the incidents in the period from April 29, 2009 to May 29, 2009.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:09-cv-1112-MJS (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: November 24, 2010        /s/ *Michael J. Seng*
ci4d6                                                    UNITED STATES MAGISTRATE JUDGE